IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO: 9:15-CV-80088


ANNON CONSULTING, INC.,

        Plaintiff,

v.

BIONITROGEN HOLDINGS CORP.,
BIO-SNG TECHNOLOGIES,
INTERNATIONAL CORP.,
BIONITROGEN FLORIDA HOLDINGS,
LLC, BIONITROGEN PLANT FL
HENDRY LLC, BIONITROGEN
PLANT FL HARDEE, LLC, BIONITROGEN
BIOMASS SOURCING, LLC,
B GROUP, LLC AND 4A
TECHNOLOGIES, LLC

        Defendants.

_____/

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

    Plaintiff Annon Consulting, Inc. ("Annon"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 55(b), moves for default judgment against BioNitrogen Holdings Corp. ("BioNitrogen"), Bio-SNG Technologies, International Corp., BioNitrogen Florida Holdings, LLC, BioNitrogen Plant FL Hendry LLC, BioNitrogen Plant FL Hardee, LLC, BioNitrogen Biomass Sourcing, LLC, B Group, LLC and 4A Technologies, LLC.

## INTRODUCTION

    Annon lent BioNitrogen $845,000 pursuant to a written loan agreement. The loan was secured by certain personal property of BioNitrogen, guaranteed by Bio-SNG Technologies, International Corp. ("Bio-SNG"), BioNitrogen Florida Holdings, LLC,  BioNitrogen Plant FL Hendry LLC, BioNitrogen Plant FL Hardee, LLC, BioNitrogen Biomass Sourcing, LLC and B

Group, LLC (collectively, "Guarantors") and Bio-SNG's pledged securities in 4A Technologies, LLC ("4A Technologies"). BioNitrogen breached the loan agreement by failing to repay the indebtedness. BioNitrogen sued the Defendants on these obligations. The Defendants, after proper service, failed to respond to the Complaint. Defaults were entered against each Defendant. As a result, BioNitrogen and the Guarantors are liable for the principal amount, interest, attorney's fees and costs. In addition, Annon is entitled to foreclose on BioNitrogen's personal property in which it has a security interest and obtain the securities pledged by Bio-SNG.

## FACTS

### A. Annon Lent BioNitrogen $845,000.

On or about December 16, 2013, Annon (a corporation organized under the laws of Ontario, Canada with principal place of business in Toronto, Ontario, Canada) and BioNitrogen entered into a Secured Loan Agreement ("SLA"), Promissory Note ("Note"), Fee Agreement, Security Agreement, Pledge Agreement and Guaranty (collectively, the "Loan Documents"). See Complaint, DE-1 at ¶ 3, 14, Exh. A-F; Declaration of Victor Gomes dated April 16, 2015 ("Gomes Decl."), DE-20-1 at ¶ 4. BioNitrogen is the Borrower under the SLA. DE-1 at ¶ 15. Annon is the Agent and the Lender under the SLA. DE-1 at ¶ 16.

Pursuant to the SLA, Annon lent BioNitrogen $845,000, $300,000 of which was advanced on December 16, 2013 and $545,000 of which was advanced on January 7, 2014. DE-20-1 at ¶ 5. Consistent therewith, BioNitrogen executed the Note governing repayment on the indebtedness. DE-1 at ¶ 21, Exh. B thereto. The interest rate set forth in the Note is 30% per annum. DE-1 at ¶ 22; SLA at 2.5(a). The default rate of interest is 32%. DE-1 at ¶ 23; SLA at 2.5(c). The Loan Documents are governed by the laws of Ontario, Canada. DE-1 at ¶ 18. Canadian usury law allows lenders to charge interest rates up to 60% per annum. Continental Mortgage Investors v. Sailboat Key, Inc., 395 So.2d 507 (Fla. 1981); Hopfenspirger v. West, 949

2

So. 2d 1050, 1053 (Fla. 5th DCA 2006); Criminal Code of Canada § 347(2) available at http://laws-lois.justice.gc.ca/eng/acts/C-46/page-173.html#docCont.

According to section 3.1 of the SLA, BioNitrogen was obligated to make monthly interest payments. BioNitrogen was obligated to repay the principal on June 30, 2014. DE-1 at ¶ 24. Non-payment of any principal or interest due on the loan constitutes an Event of Default if not remedied within five days of receiving notice thereof. SLA at ¶8.1(a).

For the purpose of open disclosure, the SLA provided Annon access to BioNitrogen's books and records. DE-1 at ¶ 19; SLA at § 6.7. The Fee Agreement provides that Annon is entitled to compensation of 50 basis points (0.5%) of the principal amount of the loan for acting as the Agent under the Loan Documents. Fee Agreement. DE-1 at ¶ 25.

**B.** **Security for the Loan and the Guaranty.**

As security for the loan, BioNitrogen granted Annon a security interest in all of its: (a) equipment, (b) fixtures, (c) goods, (d) inventory, (e) general intangibles, (f) other personal property, (g) books and records pertaining to the foregoing items and (h) the proceeds from the foregoing items (collectively, "Collateral). DE-1 at ¶ 26; Security Agreement at § 2. Annon is entitled to foreclose on the Collateral in the event that BioNitrogen defaults under the SLA. DE-1 at ¶ 27; Security Agreement at §§ 7, 8. The Security Agreement provides Annon with a broad array of remedies upon default, including, without limitation:

- All remedies available under the Uniform Commercial Code.

- Force BioNitrogen to assemble the Collaterals and make it available to Annon at a reasonably convenient location.

- Sell the Collateral at a public or private sale.

Security Agreement at § 8.

As further security for the loan, Guarantor Bio-SNG pledged 100% of the membership interests in its wholly owned subsidiary, 4A Technologies, LLC ("Pledged Interests"). DE-1 at ¶ 28; see generally Pledge Agreement.  The Pledge Agreement provides Annon with a broad array of remedies upon default, including, without limitation:

- All remedies available under the Uniform Commercial Code.
- Sell the Collateral at a public or private sale.

Pledge Agreement at § 8.

Pursuant to the Guaranty, the Guarantors agreed to repay any monies owed under the SLA to the extent BioNitrogen failed to make the required repayment. DE-1 at ¶ 30; see generally Guaranty at Art. II.

**C.      BioNitrogen Defaulted by Failing to Repay the Indebtedness.**

BioNitrogen has failed to repay any of the principal or interest due under the SLA or Note (collectively, the "Indebtedness"). DE-1 at ¶ 31; Gomes Decl. at ¶ 8. Annon sent letters to BioNitrogen and the Guarantors dated December 22, 2014 and January 5, 2015 declaring them in default of their obligations under the Loan Documents. DE-1 at Exh. G, H. BioNitrogen and the Guarantors have failed to cure the default. DE-1 at ¶ 33; Gomes Decl. at ¶ 8.

By letter dated January 9, 2015, Annon demanded inspection of BioNitrogen's books and records pursuant to Section 6.7 of the SLA. DE-1 at Exh. I. In response, BioNitrogen produced bank statements for some of the Defendants for the month of February 2015. No other financial information was made available for review, inspection or copying. Gomes Decl. at ¶ 13. The Defendants have failed to turn over the Collateral or the Pledged Interests. Gomes Decl. at ¶ 14.

The Loan Documents provide for the prevailing party to collect its reasonable attorney's fees and costs from Defendants. SLA at § 10.10; see also Guaranty at § 2.1(a), 4.10;

Security Agreement at § 10(b). Annon engaged the undersigned attorney and is obligated to pay him a reasonable fee for his services. DE-1 at ¶ 36.

     **D.**       **Procedural History.**

     On or about January 26, 2015, Annon commenced this matter. DE-1. Annon served each Defendant. DE-7, 9-15, 17. The Clerk entered defaults against each Defendant. DE-16, 19.

**ARGUMENT**

     **A.**  **Standard of Review.**

     A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). Damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. S.E.C. v. Smyth, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)). Based on the well pled allegations in the Complaint and the Gomes Declaration, all monetary damages sought are capable of mathematical computation and are liquidated. In addition, Annon is entitled to foreclosure of the Collateral and Pledged Interests as well as a judgment requiring financial disclosure.

     **B.**  **Annon is Entitled to a Money Judgment Against BioNitrogen and the Guarantors.**

     The Note, Fee Agreement, SLA and Guaranty are enforceable contracts, the terms of which are governed by the laws of the Province of Ontario.  As set forth in the Complaint, Annon lent BioNitrogen $845,000. The interest rate on the loan is 30%. Repayment was due on June 30, 2014. BioNitrogen failed to repay the Indebtedness. On December 22, 2014 and January 5, 2015, Annon gave notice of default to BioNitrogen and the Guarantors under the Loan

5

Documents. BioNitrogen is in default under the Note and has failed to cure the default. The default interest rate is 32%. Annon is entitled to be repaid the Indebtedness.

The Fee Agreement provides that Annon is entitled to compensation of 50 basis points (0.5%) of the principal amount of the loan for acting as the Agent under the Loan Documents. Annon is also entitled to be repaid this amount.

The Indebtedness and sum due under the Fee Agreement are capable of mathematical calculation. As of April 13, 2015, BioNitrogen owes Annon $1,188,112.12 plus per diem interest of $741.00. Gomes Decl., DE 20-4, at Exh. C. The Guarantors are liable for this amount, too. Guaranty at Article II.

**C.** **Annon is Entitled to Foreclosure of the Collateral and Pledged Interests.**

The Security Agreement is an enforceable contract. Pursuant to the Security Agreement, BioNitrogen granted Annon a security interest in the Collateral to secure repayment of the Indebtedness. BioNitrogen breached the Loan Documents by failing to repay the Indebtedness. Annon is entitled to foreclose on the Collateral.

More specifically, Annon is entitled to assembly of the Collateral, production of all documents concerning the Collateral, an injunction restraining BioNitrogen from disposing of the Collateral, a judgment allowing Annon to collect from all account debtors and obligors amounts due or that become due to Defendants and a judgment confirming that Annon may dispose of the Collateral via a private sale or any other method permitted by the Uniform Commercial Code. Security Agreement at § 8; Fla. Stat. §§ 679.601, 679.609, 679.610.

Similarly, the Pledge Agreement is an enforceable contract. Pursuant to the Pledge Agreement, Bio-SNG granted Annon a security interest in the Pledged Interests (100% of the membership interests in 4A Technologies, LLC). BioNitrogen breached the Loan Documents by failing to repay the Indebtedness. Annon is entitled to foreclose on the Pledged Interests.

More specifically, Annon is entitled to a judgment confirming that Annon may dispose of the Pledged Interests via a private sale[1] or any other method permitted by the Uniform Commercial Code. Pledge Agreement at § 8; Fla. Stat. §§ 679.601, 679.609, 679.610.

### D. **Annon is Entitle to Inspect BioNitrogen's Books and Records.**

The SLA is an enforceable contract. Pursuant to the SLA, Annon is entitled to inspect the books and records of Annon. On January 9, 2015, Annon issued a written request to BioNitrogen to inspect its books and records. BioNitrogen failed to respond the request and has not otherwise provided for the inspection. In response, BioNitrogen produced bank statements for some of the Defendants for the month of February 2015. No other financial information was made available for review, inspection or copying.

Annon is entitled to inspect BioNitrogen's books and records on an ongoing basis.

## CONCLUSION

Annon respectfully requests that the Court enter a default judgment against the Defendants, including, but not limited to:

1) A money judgment against BioNitrogen and the Guarantors in the amount of $1,188,112.12 plus per diem interest of $741.00 for each day after April 13, 2015.

2) A judgment against BioNitrogen: requiring that it assemble the Collateral, requiring that it produce all documents concerning the Collateral, enjoining it from disposing of the Collateral, allowing Annon to collect from all account debtors and obligors amounts due or that become due to Defendants and confirming that Annon may dispose of the Collateral via a private sale or any other method permitted by the Uniform Commercial Code.

---

[1] A public sale would likely be inappropriate for the sale of these unregistered securities.

3) A judgment against BioNitrogen, Bio-SNG and 4A Technologies, LLC confirming that Annon is entitled to dispose of the Pledged Interests via a private sale or any other method permitted by the Uniform Commercial Code.

4) A judgment against BioNitrogen requiring it to allow Annon to inspect its books and records on an ongoing basis.

5) A judgment against the Defendants entitling Annon to collect its reasonable costs and attorney's fees incurred in this litigation and reserving jurisdiction to fix the amount of such fees and costs.

6) Such other relief as the Court deems just and proper.

Dated: April 17, 2015
Boca Raton, Florida

> CAHEN LAW, P.A.
> 1900 Glades Rd., Suite 355
> Boca Raton, Florida  33431
> Telephone:  (561) 922-0430
>
>
> */s/ Geoffrey M. Cahen*
> GEOFFREY M. CAHEN
> Florida Bar No. 0013319
> geoff@cahenlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2015 a true and correct copy of the foregoing has been filed via CM/ECF and furnished by email to the parties' attorney on the attached service list.

> *s/ Geoffrey M. Cahen*
> GEOFFREY M. CAHEN

## <u>SERVICE LIST</u>

BioNitrogen Holdings Corp.
1400 Centrepark Blvd, Suite 800
West Palm Beach, Florida 33401
mnullman@nasonyeager.com

Bio-SNG Technologies, International Corp.
1400 Centrepark Blvd, Suite 860
West Palm Beach, Florida 33401
mnullman@nasonyeager.com

BioNitrogen Florida Holdings, LLC
1400 Centrepark Blvd, Suite 800
West Palm Beach, Florida 33401
mnullman@nasonyeager.com

BioNitrogen Plant FL Hendry LLC
1400 Centrepark Blvd, Suite 800
West Palm Beach, Florida 33401
mnullman@nasonyeager.com

BioNitrogen Plant FL Hardee, LLC
1400 Centrepark Blvd, Suite 860
West Palm Beach, Florida 33401
mnullman@nasonyeager.com

BioNitrogen Biomass Sourcing, LLC and
1400 Centrepark Blvd, Suite 800
West Palm Beach, Florida 33401
mnullman@nasonyeager.com

B Group, LLC
1400 Centrepark Blvd, Suite 800
West Palm Beach, Florida 33401
mnullman@nasonyeager.com

4A Technologies, LLC
5420 100th Street
Lubbock, Texas 79424
mnullman@nasonyeager.com